**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| RAVGEN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATERA, INC. and NSTX, INC.,<br><br>Defendants. | C.A. No. 1:20-cv-00692-ADA<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF RAVGEN'S ANSWER TO NATERA'S COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Ravgen, Inc. ("Ravgen") answers Defendants and Counterclaimants Natera, Inc. and NSTX, Inc.'s (collectively "Natera") counterclaims (D.I. 23) ("Counterclaims") as follows:

## NATURE OF THE ACTION

110. Ravgen admits that the Complaint in this action alleges that Natera has infringed at least U.S. Patent Nos. 7,727,720 (the "'720 Patent") and 7,332,277 (the "'277 Patent"). Ravgen denies that its allegations of infringement are baseless. The remaining allegations in Paragraph 110 are legal conclusions that require no response.

## PARTIES

111. Ravgen admits the allegations in Paragraph 111 of the Counterclaims.

112. Ravgen admits the allegations in Paragraph 112 of the Counterclaims.

## JURISDICTION

113. Ravgen admits that this Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 1367.

114. Ravgen does not contest that this Court has personal jurisdiction over Ravgen for this action only. The remaining allegations in Paragraph 114 of the Counterclaims are legal conclusions that require no response.

## VENUE

115. Ravgen does not contest that venue is proper in this District for this action only. The remaining allegations in Paragraph 115 of the Counterclaims are legal conclusions that require no response.

116. Ravgen does not contest that venue is proper in this District for this action only. The remaining allegations in Paragraph 116 of the Counterclaims are legal conclusions that require no response.

## ACTUAL CONTROVERSY

117. Ravgen admits the allegations in Paragraph 117 of the Counterclaims.

118. Ravgen admits that Natera purports to seek a declaration of non-infringement and invalidity of the ’720 and ’277 Patents under 28 U.S.C. §§ 2201 and 2202. The remaining allegations in Paragraph 118 of the Counterclaims are legal conclusions that require no response.

## COUNTERCLAIM ONE
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’720 PATENT)**

119. Ravgen incorporates by reference Paragraphs 110–118.

120. Ravgen admits that it alleges in the Complaint that (i) Natera has infringed or continues to infringe the claims of the ’720 Patent literally or under the doctrine of equivalents, (ii) Natera actively, knowingly, and intentionally has induced, and continues to actively, knowingly, and intentionally induce infringement of the ’720 Patent, and (iii) Natera has contributed to and continues to contribute to the infringement by third parties of the ’720 Patent. Ravgen denies the remaining allegations in Paragraph 120 of the Counterclaims.

121. The allegations in Paragraph 121 of the Counterclaims are legal conclusions that require no response.

**COUNTERCLAIM TWO**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’720 PATENT)**

122. Ravgen incorporates by reference Paragraphs 110–121.

123. Ravgen denies the allegations in Paragraph 123 of the Counterclaims.

124. Ravgen denies the allegations in Paragraph 124 of the Counterclaims.

125. Ravgen denies the allegations in Paragraph 125 of the Counterclaims.

126. The allegations in Paragraph 126 of the Counterclaims are legal conclusions that require no response.

**COUNTERCLAIM THREE**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’277 PATENT)**

127. Ravgen incorporates by reference Paragraphs 110–126.

128. Ravgen admits that it alleges in the Complaint that (i) Natera has infringed or continues to infringe the claims of the ’277 Patent literally or under the doctrine of equivalents, (ii) Natera actively, knowingly, and intentionally has induced, and continues to actively, knowingly, and intentionally induce infringement of the ’277 Patent, and (iii) Natera has contributed to and continues to contribute to the infringement by third parties of the ’277 Patent. Ravgen denies the remaining allegations in Paragraph 128 of the Counterclaims.

129. The allegations in Paragraph 129 of the Counterclaims are legal conclusions that require no response.

**COUNTERCLAIM FOUR**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’277 PATENT)**

130. Ravgen incorporates by reference Paragraphs 110–129.

131. Ravgen denies the allegations in Paragraph 131 of the Counterclaims.

132. Ravgen denies the allegations in Paragraph 132 of the Counterclaims.

133. Ravgen denies the allegations in Paragraph 133 of the Counterclaims.

134. The allegations in Paragraph 129 of the Counterclaims are legal conclusions that require no response.

**JURY DEMAND**

135. Ravgen admits that Natera demands a trial by jury on all issues so triable in this action. Ravgen demands a trial by jury on all issues so triable in this action.

**PRAYER FOR RELIEF**

Ravgen denies that Natera is entitled to any relief, either as prayed for in its Counterclaims (D.I. 23) or otherwise. Ravgen further denies each allegation contained in Natera's Counterclaims that was not specifically admitted, denied, or otherwise responded to herein. Ravgen respectfully requests that the Court enter judgment in its favor and against Natera on the Counterclaims, declare this case exceptional under 35 U.S.C. § 285, award Ravgen its attorneys' fees, costs, and expenses, and grant Ravgen such further relief as the Court deems just and proper.

Dated: September 18, 2020

Respectfully submitted,

By: */s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

John M. Desmarais (*pro hac vice*)
Kerri-Ann Limbeek (*pro hac vice*)
Kyle Petrie *(pro hac vice)*
Karl Mullen (*pro hac vice*)
Raymond N. Habbaz (*pro hac vice*)

Julianne M. Thomsen *(pro hac vice)*
Mike Ling (*pro hac vice*)
Mary N. Stottele (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
kpetrie@desmaraisllp.com
kmullen@desmaraisllp.com
rhabbaz@desmaraisllp.com
jthomsen@desmaraisllp.com
mling@desmaraisllp.com
mstottele@desmaraisllp.com

*Attorneys for Plaintiff Ravgen, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Deron R. Dacus*
Deron R. Dacus