IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAVGEN, INC., | |
| Plaintiff, | Civil Action No. 1:20-cv-00692-ADA |
| v. | JURY TRIAL DEMANDED |
| NATERA, INC. AND NSTX, INC., | |
| Defendants. | |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE EXPERT DECLARATION
OF JOHN QUACKENBUSH, PH.D. (DKT. 49-1)**

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................................1

II.    FACTUAL BACKGROUND................................................................................................1

III.    ARGUMENT........................................................................................................................3

    A.    Defendants Failed To Timely Produce The Extrinsic Evidence Relied On In Their Expert's Declaration ......................................................................................4

    B.    Defendants' Delay Was Neither Justifiable Nor Harmless......................................4

        1.    Defendants' proffered explanations for failing to disclose all of their extrinsic evidence fall short. ..............................................................5

        2.    Striking the extrinsic evidence will not substantially preclude Defendants' from advancing their claim construction positions. .................6

        3.    Ravgen was substantially prejudiced by Defendants' delay. ........................7

        4.    The court should not grant a continuance. ....................................................8

IV.    CONCLUSION.....................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*AIG Europe, Ltd. v. Caterpillar, Inc.*,
 831 Fed. Appx. 111 (5th Cir. 2020) ............................................................................................ 8

*Effingo Wireless, Inc. v. Motorola Mobility, Inc.*,
 No. SA-11-CA-649, 2013 WL 12120406 (W.D. Tex. May 8, 2013) ................................. 3

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,
 361 F.3d 875 (5th Cir. 2004) ...................................................................................................... 8

*Phillips v. AWH Corp.*,
 415 F.3d 1303 (Fed. Cir. 2005) .................................................................................................. 6

*Pisony v. Commando Constructions, Inc.*,
 No. 6:17-cv-00055-ADA, 2020 WL 4934463 (W.D. Tex. Aug. 24, 2020) ....................... 4

*Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*,
 597 F.3d 729 (5th Cir. 2010) ...................................................................................................... 4

**TABLE OF EXHIBITS**

| Exhibits | Description |
|---|---|
| A | Defendants' Proposed Claim Term Constructions, served on November 25, 2020 |
| B | Defendants' Disclosure of Extrinsic Evidence in Support of their Proposed Claim Constructions, served on December 3, 2020 |
| C | Ravgen, Inc.'s Disclosure of Extrinsic Evidence, served on December 3, 2020 |
| D | December 8, 2020 Letter (sent via email) from Kerri-Ann Limbeek to Stephen M. Hash and Liz Durham Flannery |
| E | January 13, 2021 Letter (sent via email) from Kyle G. Petrie to Liz Durham Flannery |
| F | January 15, 2021 Letter (sent via email) from Stephen M. Hash to Kyle G. Petrie |

## I. INTRODUCTION

Plaintiff Ravgen, Inc. ("Ravgen") moves the court to strike the portions of the Expert Declaration of John Quackenbush, Ph.D. (Dkt. 49-1) ("Declaration") that reference previously undisclosed extrinsic evidence (Exhibits 3-16), and strike Defendants Natera, Inc. and NSTX, Inc.'s (collectively "Defendants") reliance on such testimony. Despite the Court's Scheduling Order requiring the parties to exchange extrinsic evidence in advance of briefing, Defendants withheld from Ravgen *fourteen* extrinsic publications relied on by Dr. Quackenbush in his Declaration, blowing the deadline to exchange extrinsic evidence by over a month and well after Ravgen filed its Opening Claim Construction Brief. By failing to timely identify and produce this extrinsic evidence, Defendants violated the Court's Scheduling Order and obstructed Ravgen's ability to adequately understand and address Defendants' claim construction positions in its Opening Claim Construction Brief. Defendants' should not be permitted to benefit from such actions. The Court should strike paragraphs 21, 23-24, 26-27, 29, 37-38, and 41 of the Declaration.

## II. FACTUAL BACKGROUND

The parties jointly agreed upon and proposed the then-operative Scheduling Order on November 18, 2020. (Dkt. 43.) The parties were required to exchange claim terms for construction on November 18, 2020 and propose claim constructions on November 25, 2020. (*Id.* at 1.) The parties were then required to "disclose any extrinsic evidence…they may rely upon" by December 3, 2020. (*Id.*) Specifically, the parties were required to "identify the scope of the topics for the witness's expected testimony" and "identify each [extrinsic evidence] by production number or produce a copy of any such item if not previously produced." (*Id.*) According to the Scheduling Order, Ravgen was required to file its Opening Claim Construction Brief on December 15, 2020. (*Id.* at 2.) The parties later agreed to extend Defendants' responsive brief deadline to January 11, 2020. (Dkt. 47 at 2.)

1

On November 25, 2020, the parties exchanged their proposed claim constructions for the previously identified terms. While Ravgen proposed that all terms should be given their plain and ordinary meaning, Defendants represented that at least six terms required construction and proposed constructions for each term. *See* Ex. A. On December 3, 2020, the parties exchanged their disclosures of extrinsic evidence. *See* Exs. B, C. Defendants' disclosure identified dictionary definitions, Ravgen's highly confidential documents, published articles, and that they may rely on the opinion of Dr. John Quackenbush. *See* Ex. B. Notably, Defendants did not identify or produce to Ravgen any of the extrinsic evidence submitted as Exhibits 3-16 to the Declaration. (*Compare* Ex. B *with* Dkt. 49-1.)

On December 4, 2020, the parties met and conferred regarding their claim construction positions. *See* Ex. D at 1. As a result of the meet and confer, on December 8, 2020, Ravgen promptly provided Defendants with updated proposed constructions for the "agent" and "if cells are present" terms. *See id.* at 2–3. Defendants indicated that they may update some of their proposed constructions as a result of the meet and confer, but no updates were communicated to Ravgen.

On December 15, 2020, Ravgen filed its Opening Claim Construction Brief, accompanied by an expert declaration from Dr. Wayne W. Grody. (Dkt. 46; Dkt. 46-1.) Ravgen's brief and Dr. Grody's declaration addressed Defendants' constructions as they existed at that time and the extrinsic evidence Defendants had identified. (*See, e.g.*, Dkt. 46; Dkt. 46-1 at ¶¶48, 59, 60–68.)

On January 11, 2021, Defendants filed their Responsive Claim Construction Brief and the Declaration. Concealed within the Declaration was testimony referencing fourteen entirely new scientific articles (Exhibits 3-16) that had never previously been identified or produced by Defendants. ***These Exhibits comprise nearly all of the extrinsic evidence cited by Dr.***

***Quackenbush* in the Declaration**. (*See* Dkt. 49-1, Exhibits 1–18.) Notably, Defendants' brief does not cite any of this new extrinsic evidence; instead, Defendants only cite the new evidence in the Declaration. In addition, while Defendants included Bates numbers on the new extrinsic evidence when they were filed with the court, the new evidence was not produced to Ravgen until January 15, *four days after the responsive brief was filed.*

In addition to springing new extrinsic evidence on Ravgen, Defendants' Responsive Claim Construction Brief made several unforeseen changes to their claim construction positions in their brief. Defendants proposed an entirely new construction for the "relative amount of alleles" term in their Responsive Brief. (*Compare* Dkt. 46 at 3 *with* Dkt. 49 at 18.) Furthermore, Defendants' Responsive Claim Construction Brief failed to address two other claim terms that they represented required construction. (*See* Dkt. 46 at 5 ("sample"), 7 ("determining the sequence [of alleles] [at the/of a] locus of interest").) Defendants' decision to wholesale change one construction and drop two other terms resulted in Ravgen having to spend approximately six pages in its twenty-page Opening Brief addressing those terms.

On January 13, 2021, Ravgen's counsel sent a letter seeking explanations for each of these issues. *See* Ex. E. On January 15, 2021, Defendants' counsel attempted to justify their delay in disclosing the extrinsic evidence by mischaracterizing Dr. Grody's testimony as previously unidentified by Ravgen. *See* Ex. F at 1. On January 18, 2021, the parties met and conferred, but were unable to resolve the disputes, resulting in Ravgen filing this motion.

### III. ARGUMENT

Under Fifth Circuit law, "if a party fails in the timely production of evidence under Rule 26, that evidence should be excluded unless the party can show that the delay was (1) substantially justified; or (2) harmless." *Effingo Wireless, Inc. v. Motorola Mobility, Inc.*, No. SA-11-CA-649, 2013 WL 12120406, at *1 (W.D. Tex. May 8, 2013) (citing *Versai Mgmt. Corp. v. Clarendon Am.*

3

*Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010)). To "determin[e] whether to exclude expert evidence as a sanction for the violation of a scheduling order," the Fifth Circuit directs courts to consider "(1) the explanation for the failure to identify [the evidence]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Pisony v. Commando Constructions, Inc.*, No. 6:17-cv-00055-ADA, 2020 WL 4934463, at *2 (W.D. Tex. Aug. 24, 2020). For the following reasons, Defendants' delay in identifying and producing extrinsic evidence was neither justified nor harmless and the Court should strike the portions of the Declaration relying on that evidence.

    **A.    Defendants Failed To Timely Produce The Extrinsic Evidence Relied On In Their Expert's Declaration**

The Defendants failed to timely produce the extrinsic evidence in violation of the Court's Scheduling Order. The Scheduling Order required parties to identify "any [extrinsic evidence] … they may rely upon" by December 3, 2020. (Dkt. 43 at 1.) Defendants withheld all of the extrinsic evidence relied on by their expert until January 11, 2020, over a month past the deadline, well after Ravgen's Opening Claim Construction Brief deadline, and for four more days after filing their own brief.

    **B.    Defendants' Delay Was Neither Justifiable Nor Harmless.**

The Court should grant Ravgen's motion to strike because Defendants' withholding of the new extrinsic evidence referenced in the Declaration was neither justifiable nor harmless. Defendants are unable to provide a sufficient explanation for their delay, striking the undisclosed evidence will not substantially preclude Defendants from advancing their claim construction positions based on the intrinsic record and timely disclosed extrinsic evidence, Ravgen was substantially prejudiced by the delay, and a continuance would be improper.

### 1. Defendants' proffered explanations for failing to disclose all of their extrinsic evidence fall short.

In an effort to justify their delay in disclosing any of the extrinsic evidence their expert would be relying on, Defendants proffered multiple explanations. Ex. F.  However, Defendants' explanations fall short.

Defendants incorrectly asserted that Dr. Grody's testimony included undisclosed opinions, necessitating additional extrinsic evidence. *See id.* at 1-2.  Ravgen timely identified that Dr. Grody would proffer testimony regarding how the "agent" term "would not encompass anticoagulants like EDTA" and how the "if cells are present" term pertain to the phrase "[lysis of cells/cell lysis to inhibit the lysis of cells]."  Ex. C at 2-4.  And Defendants were aware of Ravgen's positions regarding "indirectly affecting cell lysis" and "endogenous substances" for the "agent" term at least by December 8.  *See* Ex. D.  Yet Defendants never provided updated extrinsic evidence, even under an updated Scheduling Order that provided for the new identification of extrinsic evidence.[1] *See* Dkt. 47 at 1–2.

Additionally, Defendants should not be heard to argue that new extrinsic evidence was required to respond to Dr. Grody's opinions because Dr. Grody only relied on previously identified materials to support his opinions.[2]  Dr. Grody cited only the intrinsic record and the extrinsic material identified by Ravgen and Defendants in providing support for his opinions.

---

[1] Defendants' allegation that the new extrinsic evidence was to rebut Ravgen's December 8 amendment to its "agent" term construction is insufficient. Even if that explanation were accurate—which it is not—Defendants had over a week to identify and produce any extrinsic evidence relied on for that purpose prior to Ravgen's Opening Claim Construction Brief deadline, the same amount of time the parties had to initially disclose extrinsic evidence. (*See* Dkt. 43 at 1-2.)

[2] In fact, the Declaration cites the undisclosed extrinsic evidence in many paragraphs that do not even mention Dr. Grody. (*See, e.g.,* Dkt. 49-1 ¶¶ 21, 23, 24, 26, 27, 29.)

Importantly—and unlike the Declaration—Dr. Grody did not rely on any previously undisclosed extrinsic evidence in providing his opinions.

Defendants' proffered justifications further failed to explain why the Declaration only cites previously undisclosed extrinsic evidence for terms Defendants represented required construction, or why they waited until January 15—four days after their Responsive Claim Construction Brief was filed—to first produce the undisclosed extrinsic evidence to Ravgen.

Accordingly, Defendants' explanations for their delay is not justifiable.

### 2. Striking the extrinsic evidence will not substantially preclude Defendants' from advancing their claim construction positions.

Though the new extrinsic evidence comprised a substantial part of the Declaration, it was not cited in Defendants' brief, thus striking this evidence will not substantially preclude Defendants' claim construction arguments. The extrinsic evidence comprised fourteen of the sixteen substantive exhibits cited in the Declaration, and was cited to in a quarter of the non-background paragraphs of the Declaration, including paragraphs discussing the background technology of the patent, and the "agent" and "cell lysis inhibitor" terms (*see* Dkt. 49-1 at ¶¶ 21, 23-24. 26-27. 29. 37-38, and 41); however, those citations appear nowhere in Defendants' brief.

The undisclosed extrinsic evidence and the corresponding paragraphs in the Declaration are not critical to Defendants' claim construction arguments. In addition to not being featured in Defendants' brief, extrinsic evidence is "less significant than the intrinsic record in determining the legally operative meaning of claim language," and thus, neither expert testimony nor extrinsic evidence would override intrinsic evidence. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005). Even without the undisclosed extrinsic evidence and corresponding testimony, Defendants can still rely on the more significant intrinsic evidence to advance their positions. In addition, to the extent Defendants still seek to rely on extrinsic evidence, Defendants may rely on

6

the timely disclosed extrinsic evidence, as well as the portions of the Declaration that do not reference the undisclosed extrinsic evidence. Thus, the undisclosed extrinsic evidence and the corresponding testimony was substantial, but not critical, to Defendants' claim construction arguments.

### 3.     Ravgen was substantially prejudiced by Defendants' delay.

Ravgen was substantially prejudiced by Defendants' delay because it handicapped Ravgen's ability to understand and address Defendants' claim construction positions for terms that the Defendants said required construction. Defendants withheld the disclosure of nearly all the extrinsic evidence relied on by Dr. Quackenbush in the Declaration, leaving Ravgen completely in the dark regarding Defendants' actual claim construction positions. This substantially prejudiced Ravgen by preventing it from considering all the evidence that Defendants planned to use in its preparations and from addressing the full scope of Defendants' claim construction positions in its Opening Claim Construction Brief.

In addition, as discussed above, Defendants further prejudiced Ravgen by making substantial changes to their claim construction positions without notifying Ravgen in advance. Defendants' failure to notify Ravgen of these changes misled Ravgen into spending approximately six pages of its twenty-page brief addressing terms and constructions that Defendants had either substantially changed or dropped entirely.[3]  Defendants' collective conduct during claim construction substantively prejudiced Ravgen's claim construction efforts.[4]

---

[3] If, as Defendants' assert, Ravgen "failed to understand the crux of the dispute" for the "relative amount" term, Defendants do not explain why they never responded to Ravgen's letter summarizing the parties positions after the meet and confer and before Ravgen's Opening Claim Construction Brief. *See* Ex. D.

[4] During the meet and confer, Defendants' counsel confirmed that they would not agree to any page extension to Plaintiffs' Reply Claim Construction Brief in response to Defendants' prejudicial position changes.

### 4. The court should not grant a continuance.

A continuance in this case is unjustified. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) ("[A] party's violation of the court's scheduling order should not routinely justify a continuance."); *see also AIG Europe, Ltd. v. Caterpillar, Inc.*, 831 Fed. Appx. 111, 116 (5th Cir. 2020) (finding a continuance to be possible, but improper). The *Markman* Hearing for this case is fast approaching and Plaintiffs have already expended significant resources addressing what Defendants represented were the terms that required construction and the extrinsic evidence they would rely on. Defendants' substantial delay in identifying and producing all of the extrinsic evidence cited in the Declaration until their Responsive Claim Construction Brief should not be rewarded with a continuance. Allowing such action risks incentivizing future defendants in this District to similarly sandbag patentees. Thus, the Court should not order a continuance.

## IV.   CONCLUSION

For the foregoing reasons, Ravgen respectfully requests that the Court strike paragraphs 21, 23-24, 26-27, 29, 37-38, and 41 of the Declaration.

Dated: January 18, 2021  By:  */s/ Kerri-Ann Limbeek (pro hac vice)*

        Deron R. Dacus
        State Bar No. 00790553
        **THE DACUS FIRM, P.C.**
        821 ESE Loop 323, Suite 430
        Tyler, TX 75701
        Phone: (903) 705-1117
        Fax: (903) 581-2543
        ddacus@dacusfirm.com

        John M. Desmarais (*pro hac vice*)
        Kerri-Ann Limbeek (*pro hac vice*)
        Jamie L. Kringstein (*pro hac vice*)
        Karl I. Mullen (*pro hac vice*)
        Kyle G. Petrie (*pro hac vice*)
        Julianne M. Thomsen (*pro hac vice*)
        Michael Ling (*pro hac vice*)
        Raymond N. Habbaz (*pro hac vice*)
        **DESMARAIS LLP**
        230 Park Avenue
        New York, NY 10169
        Telephone: 212-351-3400
        Facsimile: 212-351-3401
        jdesmarais@desmaraisllp.com
        klimbeek@desmaraisllp.com
        jkringstein@desmaraisllp.com
        kmullen@desmaraisllp.com
        kpetrie@desmaraisllp.com
        jthomsen@desmaraisllp.com
        mling@desmaraisllp.com
        rhabbaz@desmaraisllp.com

        *Attorneys for Plaintiff Ravgen, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that counsel for the parties conferred on January 18, 2021 in a good faith attempt to resolve the matters at issue in this Motion.  Defendants' counsel did not agree to withdraw paragraphs 21, 23-24, 26-27, 29, 37-38, and 41 of the Expert Declaration of John Quackenbush, Ph.D.  Thus, the foregoing motion is necessary and opposed.

*/s/ Kerri-Ann Limbeek (pro hac vice)*
Kerri-Ann Limbeek

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on January 18, 2021.

*/s/ Kerri-Ann Limbeek (pro hac vice)*
Kerri-Ann Limbeek
