# EXHIBIT AD



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/212,812 | 08/26/2005 | Ravinder S. Dhallan | 543312000401 | 8885 |

25226        7590        03/14/2008
MORRISON & FOERSTER LLP
755 PAGE MILL RD
PALO ALTO, CA 94304-1018

| EXAMINER |
|---|
| WHISENANT, ETHAN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1634 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/14/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

|  | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/212,812 | DHALLAN, RAVINDER S. |
|  | Examiner | Art Unit |
|  | Ethan Whisenant, Ph.D. | 1634 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>17 December 2007</u>.
2a) ☒ This action is **FINAL**.    2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-32</u> is/are pending in the application.
   4a) Of the above claim(s) <u>24 and 25</u> is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-9, 21-23 and 26</u> is/are rejected.
7) ☒ Claim(s) <u>10-20 and 27-32</u> is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>26 AUG 05</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some *   c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 08-06)                        Office Action Summary                        Part of Paper No./Mail Date 20080305

Application/Control Number: 11/212,812 Page 2
Art Unit: 1634

**FINAL ACTION**

1.   The applicant's response (filed 17 DEC 07) to the Office Action has been entered. Following the entry of the claim amendment(s), **Claim(s) 1-32** is/are pending with Claims 24-25 withdrawn from consideration. Rejections and/or objections not reiterated from the previous office action are hereby withdrawn. The following rejections and/or objections are either newly applied or reiterated. They constitute the complete set presently being applied to the instant application.

**RESPONSE TO APPLICANT'S AMENDMENT/ARGUMENTS / REASON FOR ALLOWANCE**

2.   **Claim(s) 1-23 and 26-32** is/are deemed to be allowable in light of the applicant's amendment filed 17 DEC 07 and the persuasive argument(s) therein. The most persuasive argument(s) related to the applicant assertion that there was a long felt need and the evidence of an unexpected result on pages 13 and 14 of the applicant's response.

**Non-Statutory Obviousness-type Double Patenting Rejection**

3.   The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).A timely filed terminal disclaimer in

Application/Control Number: 11/212,812 Page 3
Art Unit: 1634

compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application.  See 37 CFR 1.130(b).
Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

4.      **Claims 1-7, 21-23 and 26**  are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over Claims 56-140 of U.S. 7,332,277. Although the conflicting claims are not identical, they are not patentably distinct from each other.

Application/Control Number: 11/212,812 Page 4
Art Unit: 1634

5.     **Claims 8-9** are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over Claims 56-140 of U.S. 7,332,277 in view of Wittwer et al. [US 6,140,054(2000)].

      **Claim 8** is drawn to an embodiment of the method of Claim 7 wherein said mutation is selected from a defined group which includes a single point mutation.

Claims 56-140 reasonably suggest a method of detecting free nucleic acid which comprises all of the limitations recited in Claim 8 except Claims 56-140 of U.S. 7,332,277 do not explicitly teach that the mutation that is detected in the free nucleic acid is a single point mutation. However, as evidenced by at least Wittwer et al. the detection of a single point mutation in a target nucleic acid (i.e. the Factor V Leiden gene) was well known prior to the instant invention. See for example Example 5 in Column 21-23. Therefore, absent an unexpected result it would have been *prima facie* obvious to one of ordinary skill in the art at the time of the invention to modify the method(s) of Claims 56-140 of U.S. 7,332,277 wherein a single point mutation in the target nucleic acid is detected.

      **Claim 9** is drawn to an embodiment of the method of Claim 7 wherein said mutation is in a gene selected from a defined group which includes the Factor V Leiden gene.

Wittwer et al. teach this limitation. See for example Example 5 in Column 21-23

### CLAIM OBJECTIONS

6.     **Claim(s) 10-20 and 27-32** is /are objected to as being dependent upon a rejected base claim, but would appear to be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Application/Control Number: 11/212,812 Page 5
Art Unit: 1634

### CONCLUSION

7.  **Claim(s) 1-23 and 26-32** is/are rejected and/or objected to for the reason(s) set forth above.

8.  Applicant's amendment necessitated the new grounds of rejection. Accordingly, **THIS ACTION IS MADE FINAL.** See M.P.E.P. § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

> A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

9.  Any inquiry concerning this communication or earlier communications from the examiner should be directed to Ethan Whisenant, Ph.D. whose telephone number is (571) 272-0754. The examiner can normally be reached Monday-Friday from 8:30AM - 5:30PM EST or any time via voice mail. If repeated attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Ram Shukla, can be reached at (571) 272-0735.

The Central Fax number for the USPTO is (571) 273-8300. Please note that the faxing of papers must conform with the Notice to Comply published in the Official Gazette, 1096 OG 30 (November 15, 1989).

/Ethan Whisenant/
Primary Examiner
Art Unit 1634