**PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| RAVGEN, INC., Plaintiff, | Case No. 1:20-cv-00692-ADA |
| v. | **JURY TRIAL DEMANDED** |
| NATERA, INC. and NSTX, INC., Defendants. | **PUBLIC VERSION** |

**PLAINTIFF RAVGEN'S ANSWER TO NATERA'S AMENDED ANSWER, DEFENSE, AND COUNTERCLAIMS TO RAVGEN'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff and Counterclaim Defendant Ravgen, Inc. ("Ravgen") answers Defendants and Counterclaimants Natera, Inc. and NSTX, Inc.'s (collectively "Natera") amended counterclaims (D.I. 70) ("Counterclaims") as follows:

## COUNTERCLAIMS

110. Ravgen admits that Natera alleges its Counterclaims below against Ravgen. Ravgen denies any and all remaining allegations in Paragraph 110 of the Counterclaims.

## NATURE OF THE ACTION

111. Ravgen admits that the Complaint in this action alleges that Natera has infringed at least U.S. Patent Nos. 7,727,720 (the "'720 Patent") and 7,332,277 (the "'277 Patent"). Ravgen denies that its allegations of infringement are baseless. The remaining allegations in Paragraph 110 are legal conclusions that require no response.

## PARTIES

112. Ravgen admits the allegations in Paragraph 112 of the Counterclaims.

113. Ravgen admits the allegations in Paragraph 113 of the Counterclaims.

## JURISDICTION

114. Ravgen admits that this Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 1367.

115. Ravgen does not contest that this Court has personal jurisdiction over Ravgen for this action only. The remaining allegations in Paragraph 115 of the Counterclaims are legal conclusions that require no response.

## VENUE

116. Ravgen does not contest that venue is proper in this District for this action only. The remaining allegations in Paragraph 116 of the Counterclaims are legal conclusions that require no response.

117. Ravgen does not contest that venue is proper in this District for this action only. The remaining allegations in Paragraph 117 of the Counterclaims are legal conclusions that require no response.

## ACTUAL CONTROVERSY

118. Ravgen admits the allegations in Paragraph 118 of the Counterclaims.

119. Ravgen admits that Natera purports to seek a declaration of non-infringement and invalidity of the ’720 and ’277 Patents under 28 U.S.C. §§ 2201 and 2202. The remaining allegations in Paragraph 119 of the Counterclaims are legal conclusions that require no response.

## COUNTERCLAIM ONE
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’720 PATENT)

120. Ravgen incorporates by reference Paragraphs 110–119.

121. Ravgen admits that it alleges in the Complaint that (i) Natera has infringed or continues to infringe the claims of the ’720 Patent literally or under the doctrine of equivalents,

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

(ii) Natera actively, knowingly, and intentionally has induced, and continues to actively, knowingly, and intentionally induce infringement of the ’720 Patent, and (iii) Natera has contributed to and continues to contribute to the infringement by third parties of the ’720 Patent. Ravgen denies any and all remaining allegations in Paragraph 121 of the Counterclaims.

122. The allegations in Paragraph 122 of the Counterclaims are legal conclusions that require no response.

## COUNTERCLAIM TWO
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE ’720 PATENT)

123. Ravgen incorporates by reference Paragraphs 110–122.

124. Ravgen denies the allegations in Paragraph 124 of the Counterclaims.

125. Ravgen denies the allegations in Paragraph 125 of the Counterclaims.

126. Ravgen denies the allegations in Paragraph 126 of the Counterclaims.

127. The allegations in Paragraph 127 of the Counterclaims are legal conclusions that require no response.

## COUNTERCLAIM THREE
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’277 PATENT)

128. Ravgen incorporates by reference Paragraphs 110–127.

129. Ravgen admits that it alleges in the Complaint that (i) Natera has infringed or continues to infringe the claims of the ’277 Patent literally or under the doctrine of equivalents, (ii) Natera actively, knowingly, and intentionally has induced, and continues to actively, knowingly, and intentionally induce infringement of the ’277 Patent, and (iii) Natera has contributed to and continues to contribute to the infringement by third parties of the ’277 Patent. Ravgen denies any and all remaining allegations in Paragraph 129 of the Counterclaims.

130. The allegations in Paragraph 130 of the Counterclaims are legal conclusions that require no response.

## COUNTERCLAIM FOUR
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '277 PATENT)

131. Ravgen incorporates by reference Paragraphs 110–130.

132. Ravgen denies the allegations in Paragraph 132 of the Counterclaims.

133. Ravgen denies the allegations in Paragraph 133 of the Counterclaims.

134. Ravgen denies the allegations in Paragraph 134 of the Counterclaims.

135. The allegations in Paragraph 135 of the Counterclaims are legal conclusions that require no response.

## COUNTERCLAIM FIVE
### (DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT)

136. Ravgen denies the allegations in Paragraph 136 of the Counterclaims.

137. Ravgen denies the allegations in Paragraph 137 of the Counterclaims.

138. Ravgen denies the allegations in Paragraph 138 of the Counterclaims.

139. Ravgen admits the allegations in Paragraph 139 of the Counterclaims.

140. Ravgen admits the allegations in Paragraph 140 of the Counterclaims.

**A. Allegation that the Applicant had information that contradicted its allegedly "unexpected results" presented in both the '165 and '812 applications and withheld that information from the PTO with the intent to deceive.**

141. Ravgen admits that C.F.R. § 1.56 requires Applicants to disclose "all information known to that individual to be material to patentability as defined in this section." Ravgen admits that according the C.F.R. § 1.56(b), information is material when it "refutes, or is inconsistent with, a position the applicant takes in . . . opposing an argument of unpatentability relied on by the office." The remaining allegations in Paragraph 141 of the Counterclaims are legal conclusions that require no response.

142. Ravgen denies the allegations in Paragraph 142 of the Counterclaims.

143. Ravgen denies the allegations in Paragraph 143 of the Counterclaims.

**PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL**

144. Ravgen denies the allegations in Paragraph 144 of the Counterclaims.

145. Ravgen denies the allegations in Paragraph 145 of the Counterclaims.

146. Ravgen denies that the Applicant knowingly withheld and misrepresented information that was but-for material to the patentability of one or more claims in the ’277 and ’720 patents, and it withheld and misrepresented that information with the specific intent to deceive the PTO. The remaining allegations in Paragraph 146 of the Counterclaims are legal conclusions that require no response. To the extent a response is required, Ravgen denies any and all remaining allegations in Paragraph 146 of the Counterclaims.

**1. Allegation that the Applicant was aware of information that his method did not significantly improve the amount of fetal cell-free DNA isolated from maternal blood samples.**

147. Ravgen admits [redacted] Ravgen denies any and all remaining allegations in Paragraph 147 of the Counterclaims.

148. Ravgen admits [redacted] Ravgen admits that [redacted] Ravgen denies any and all remaining allegations in Paragraph 148 of the Counterclaims.

149. Ravgen admits [redacted]

**PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL**

[redacted] Ravgen admits [redacted] Ravgen denies any and all remaining allegations in Paragraph 149 of the Counterclaims.

150. Ravgen admits the allegations in Paragraph 150 of the Counterclaims.

151. Ravgen admits Exhibit E appears to be an article published by Clinical Chemistry that lists Dr. Hahn of the University Woman's Hospital in Switzerland as one of the authors. Ravgen admits Exhibit E states "We have sought to verify this report and have investigated whether the addition of formaldehyde to maternal blood samples does indeed significantly alter the proportion of fetal DNA in maternal plasma samples." Ravgen admits Exhibit E states:

"A. Method exactly as described by Dhallan et al. (16) (formaldehyde treatment)

B. Method described by Dhallan et al. minus formaldehyde

C. Our routine centrifugation procedure plus the addition of formaldehyde

D. Our routine centrifugation procedure (without formaldehyde)"

Ravgen denies any and all remaining allegations in Paragraph 151 of the Counterclaims.

152. Ravgen admits Exhibit E states "Consequently, we were not able to discern any effect of formaldehyde on the proportion of fetal DNA (Table 1 and Fig. 1C)." Ravgen admits Exhibit E states "Our data therefore do not support the report by Dhallan et al. (*16*), which stated that formaldehyde treatment led to an increase in the proportion of cell-free fetal DNA in maternal plasma samples of 20–50% or more. The reason for this difference is unclear at present, but it may

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

be attributable to the use of two different approaches to quantifying the proportions of fetal DNA in the maternal plasma samples." Ravgen denies any and all remaining allegations in Paragraph 152 of the Counterclaims.

153. Ravgen admits Exhibit F states "In view of the profound implications of the study (*7*), we aimed to validate and investigate the underlying mechanisms of the reported phenomenon." Ravgen admits Exhibit F states "In the first part of the study, we aimed to verify the effects of the previously published protocol (*7*) on total DNA concentrations in plasma from nonpregnant individuals. In the second part of the study, we evaluated the effects of formaldehyde addition on total and fetal DNA concentrations in maternal plasma in relation to the time of blood processing (0, 6, and 24 h after blood collection). In the last part of the study, we investigated whether the reported enrichment in circulating fetal DNA concentrations (*7*) might be a consequence of the imprecision of the analytical method chosen by the authors." Ravgen denies any and all remaining allegations in Paragraph 153 of the Counterclaims.

154. Ravgen admits Exhibit F states:

> The plasma portions treated with formaldehyde demonstrated a small (1–3.3% increase in median values; Table 1) but nonsignificant increase in the fractional fetal DNA concentrations at each of the time-points in both the second (P = 0.237, Friedman) and third trimesters (P = 0.339, Friedman) of pregnancy (Table 1). These data contrasted markedly with the extent of fetal DNA enrichment reported previously (*7*) (59% of samples with fetal DNA percentages >25% with a range extending to >50%).

Ravgen denies any and all remaining allegations in Paragraph 154 of the Counterclaims.

155. Ravgen admits Exhibit F states "To investigate the cause of the discrepancy, we compared the analytical performance of RQ-PCR (*9*) with the serial dilution method used in the original formaldehyde study (*7*) for quantification of maternal plasma DNA." Ravgen admits Exhibit F states "Because of the categorical nature of this scoring method and the uneven

numerical distribution of the categories, the data would be skewed and inaccurately represented." Ravgen admits Exhibit F states:

> We therefore conclude that, in our hands, gentle centrifugation did not confer any observable advantage and formaldehyde addition did not yield the previously reported dramatic increases in fractional concentrations of fetal DNA (*7*). The latter could have resulted from the imprecise estimation of the fetal DNA percentages in maternal plasma when the previously reported serial dilution method was used.

Ravgen denies any and all remaining allegations in Paragraph 155 of the Counterclaims.

156. Ravgen admits the allegations in Paragraph 156 of the Counterclaims.

157. Ravgen admits Exhibit H appears to include three letters published on the *Lancet*, dated June 16, 2007. Ravgen admits the section of Exhibit H that discloses Dr. Hulten as the author states "The protocol seems to be the same as published before, but which could not be reproduced by two interim studies. It is curious that there is no mentioning of this controversy in the *Lancet* paper." Ravgen admits the section of Exhibit H that discloses Dr. Lo as the author states "First and foremost, the controversy surrounding fetal DNA enrichment by formaldehyde is not mentioned." Ravgen admits the section of Exhibit H that discloses Dr. Hahn as the author states "Hence this report in its current form could be too preliminary." Ravgen admits Exhibit H states that *Chung* and *Chinnapapgari* were cited in three letters. Ravgen denies any and all remaining allegations in Paragraph 157 of the Counterclaims.

158. Ravgen admits that the Lancet published a letter by Dr. Dhallan on June 16, 2007. Ravgen denies any and all remaining allegations in Paragraph 158 of the Counterclaims.

159. Ravgen denies the allegations in Paragraph 159 of the Counterclaims.

160. Ravgen denies the allegations in Paragraph 160 of the Counterclaims.

161. Ravgen denies the allegations in Paragraph 161 of the Counterclaims.

162. Ravgen denies the allegations in Paragraph 162 of the Counterclaims.

**PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL**

163. Ravgen denies the allegations in Paragraph 163 of the Counterclaims.

**2. Allegation that in an effort to mislead the PTO, the Applicant did not disclose the publications or test results disputing that its method generated an unexpected result.**

164. Ravgen admits that Exhibits I-V appear to be reproductions of invention disclosure statements related to the ’165 application and Exhibits W & X appear to be reproductions of invention disclosure statements related to the ’812 application. Raven denies any and all remaining allegations in Paragraph 164 of the Counterclaims.

165. Ravgen admits that Exhibits [redacted] and H do not appear on the lists reproduced in Exhibits I-X. Ravgen denies any and all remaining allegations in Paragraph 165 of the Counterclaims.

166. Ravgen admits Exhibit Y states

> As indicated in the application, Applicant has discovered that the addition of a cell lysis inhibitor during the sample preparation process can significantly and unexpectedly increase the proportion of fetal DNA versus maternal DNA obtained from a sample such as a plasma sample obtained from the blood of a pregnant woman. Examples of the impact of using a cell lysis inhibitor such as formalin to inhibit cell lysis during the sample preparation process are provided in Example 4 of Applicant’s specification.

Ravgen denies any and all remaining allegations in Paragraph 166 of the Counterclaims.

167. Ravgen denies the allegations in Paragraph 167 of the Counterclaims.

168. Ravgen denies the allegations in Paragraph 168 of the Counterclaims.

**3. Allegation that the Applicant was aware that evidence of unexpected results was highly material to the allowance of the ’277 and ’720 patents.**

169. Ravgen admits that Exhibit AA appears to be a reproduction of an office action related to the ’165 application dated “03/17/2006.” Ravgen admits that Exhibit AA states “Therefore, absent an unexpected result it would have been prima facie obvious to one of ordinary skill in the art at the time of the invention to modify the method of Lo et al. wherein the sequence

**PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL**

of a locus of interest (i.e. the allele status of the ß-globin gene) is determined." Ravgen denies any and all remaining allegations in Paragraph 169 of the Counterclaims.

170. Ravgen admits that Exhibit Y appears to be a reproduction of an office action related to the '165 application dated July 14, 2006. Ravgen admits Exhibit Y states "As indicated in the application, Applicant has discovered that the addition of a cell lysis inhibitor during the sample preparation process can significantly and unexpectedly increase the proportion of fetal DNA versus maternal DNA obtained from a sample such as a plasma sample obtained from the blood of a pregnant woman." Ravgen denies any and all remaining allegations in Paragraph 170 of the Counterclaims.

171. Ravgen admits that Exhibit AB appears to be a reproduction of an office action related to the '165 application dated "1/30/2007." Ravgen admits that the Exhibit AB states that "Claim(s) 58-68, 87-102, 190-196, 201 is/are rejected under 35 U.S.C. 103(a) as being unpatentable over Umansky et al. [US 2002/0119478(2002)] in view of Kiessling [US 5,618,664(1998)]." Ravgen admits that Exhibit AB states:

> Umansky et al. teach a method comprising all of the limitations of Claim 58 except these authors do not each adding an agent that inhibits cell lysis to their maternal urine samples. However, Kiessling does teach adding an agent to a biological sample which simultaneously disinfects and inhibits the lysis of cells therein. Therefore absent an unexpected result, it would have been prima facie obvious to the ordinary artisan at the time of the invention to modify the method of Umansky et al. wherein the maternal urine sample is treated according to the method of Kiessling.

Ravgen denies any and all remaining allegations in Paragraph 171 of the Counterclaims.

172. Ravgen admits that Exhibit Z states:

> Analysis of free fetal DNA in the maternal circulation provides an alternative to existing prenatal tests. However, the seemingly low percentage of free fetal DNA in the maternal circulation (initial studies reported a mean of only 3.4% free fetal DNA in the mid to late first trimester) has limited the clinical utility of free fetal DNA. The methods encompassed within claims 58–68, 87–102, 190–196 and 201 [alleviate] this problem, and thus provide a solution to a long-felt need in the medical community.

**PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL**

> Applicant has discovered that the addition of a cell lysis inhibitor to a sample prior to determining the sequence of a locus of interest on free fetal DNA can significantly and unexpectedly increase the proportion of fetal DNA versus maternal DNA obtained from a sample such as a plasma sample obtained from the blood of a pregnant woman.

Ravgen denies any and all remaining allegations in Paragraph 172 of the Counterclaims.

173. Ravgen admits that Exhibit AC appears to be a reproduction of an office action related to the ’812 application dated December 17, 2007. Ravgen admits Exhibit AC states:

> Methods for detecting free nucleic acid as claimed in claims 1–9, 26–28 may be useful in identifying early stage diseases, including, but not limited to, detecting tumors. However, typically, samples contain only small amounts of free nucleic acid, which has limited the clinical utility of free nucleic acid. The methods encompassed within claims 1–9 and 26–28 [alleviate] this problem, and thus provide a solution to a long-felt need in the medical community.
>
> Applicant has discovered that the addition of a cell lysis inhibitor to a sample prior to detecting the presence of free nucleic acid can significantly and unexpectedly increase the proportion of free nucleic acid obtained from the sample.

Ravgen denies any and all remaining allegations in Paragraph 173 of the Counterclaims.

174. Ravgen admits that Exhibit AD appears to be a reproduction of an office action related to the ’812 application dated “03/14/2008.” Ravgen admits that Exhibit AD states “Claim(s) 1–23 and 26–32 is/are deemed to be allowable in light of the applicant’s amendment filed 17 DEC 07 and the persuasive argument(s) therein. The most persuasive argument(s) related to the applicant assertion that there was a long felt need and the evidence of an unexpected result on pages 13 and 14 of the applicant’s response.” Ravgen denies any and all remaining allegations in Paragraph 174 of the Counterclaims.

175. Ravgen denies the allegations in Paragraph 175 of the Counterclaims.

176. The allegations in Paragraph 176 of the Counterclaims are legal conclusions that require no response. To the extent a response is required, Ravgen denies the allegations in Paragraph 176 of the Counterclaims.

**B. Allegations that the Applicant misrepresented the chemical properties of the compound EDTA to the PTO with the intent to deceive.**

177. Ravgen admits that C.F.R. § 1.56 requires Applicants to disclose "all information known to that individual to be material to patentability as defined in this section." Ravgen admits that according the C.F.R. § 1.56(b), information is material when it "refutes, or is inconsistent with, a position the applicant takes in . . . opposing an argument of unpatentability relied on by the office." The remaining allegations in Paragraph 177 of the Counterclaims are legal conclusions that require no response.

178. Ravgen admits that Exhibit AA appears to be a reproduction of an office action related to the '165 application dated "03/17/2006." Ravgen denies any and all remaining the allegations in Paragraph 178 of the Counterclaims.

179. Ravgen denies the allegations in Paragraph 179 of the Counterclaims.

180. Ravgen denies the allegations in Paragraph 180 of the Counterclaims.

181. Ravgen denies the allegations in Paragraph 181 of the Counterclaims.

182. Ravgen denies the allegations in Paragraph 182 of the Counterclaims.

183. Ravgen admits that the '720 patent was a continuation-in-part of the '165 application and was also examined by Examiner Whisenant. The remaining allegations in Paragraph 183 of the Counterclaims are legal conclusions that require no response. To the extent a response is required, Ravgen denies any and all remaining allegations in Paragraph 183 of the Counterclaims.

**1. Allegations that before and during the filing of the '277 and '720 patents, the Applicant was aware that EDTA was an agent that inhibited cell lysis.**

184. Ravgen denies the allegations in Paragraph 184 of the Counterclaims.

**PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL**

185. Ravgen admits that [redacted] Raven admits [redacted] Ravgen denies any and all remaining allegations in Paragraph 185 of the Counterclaims.

**2. Allegations that during prosecution of the '165 application, the Applicant stated to the PTO that EDTA is not an agent that inhibits cell lysis, in direct contradiction to its knowledge at the time and with intent to deceive the PTO**

186. Ravgen admits that Exhibit AA appears to be a reproduction of an office action related to the '165 application dated "03/17/2006." Ravgen admits that Exhibit AA states "Claim(s) 87-95, 100, and 102 is/are rejected under 35 U.S.C. 102(b) as being anticipated by Lo et al. [WO98/39474 ( SEP 1998 )]." Ravgen admits that Exhibit AA states "Lo et al. teach a method for preparing a sample for analysis comprising all of the limitations recited in Claims 87–95, 100, and 102. Note pp. 6–8 wherein Lo et al. teach collecting maternal blood into a tube comprising EDTA (i.e. agent that inhibits cell lysis)." Ravgen denies any and all remaining allegations in Paragraph 186 of the Counterclaims.

187. Ravgen admits that Exhibit Y states:

> In addition to being improperly supported by documentary evidence, the assertion by the office that EDTA is a cell lysis inhibitor is simply incorrect. Applicant asserts that EDTA is not an 'agent that inhibits cell lysis.' Rather, EDTA is a well-known chelator of calcium and magnesium. EDTA is routinely added to blood during the blood collection process as an anticoagulant due to its ability to chelate calcium. In fact, EDTA is sometimes included as an ingredient in cell lysis buffers.

Ravgen denies any and all remaining allegations in Paragraph 187 of the Counterclaims.

188. Ravgen denies the allegations in Paragraph 188 of the Counterclaims.

189. Ravgen denies the allegations in Paragraph 189 of the Counterclaims.

**3. Allegations that the Applicant's misrepresentations were but-for material to the patentability of at least some claims of the '277 patent.**

190. Ravgen denies the allegations in Paragraph 190 of the Counterclaims.

191. Ravgen denies the allegations in Paragraph 191 of the Counterclaims.

**4. Allegations that the Applicant's misconduct infected the prosecution of the '720 patent.**

192. Ravgen admits the allegations in Paragraph 192 of the Counterclaims.

193. Ravgen is without knowledge as to the allegations in Paragraph 193 of the Counterclaims.

194. Ravgen denies the allegations in Paragraph 194 of the Counterclaims.

**C. Allegations that the Applicant committed a fraud on the PTO by misrepresenting the results of both Examples 4 and 15 of the Asserted Patents.**

195. Ravgen admits that C.F.R. § 1.56 provides "no patent will be granted on an application in connection with which fraud on the Office as practiced or attempted." The remaining allegations in Paragraph 195 of the Counterclaims are legal conclusions that require no response.

196. Ravgen denies the allegations in Paragraph 196 of the Counterclaims.

197. Ravgen denies the allegations in Paragraph 197 of the Counterclaims.

198. Ravgen denies the allegations in Paragraph 198 of the Counterclaims.

199. Ravgen admits that the '720 patent was a continuation-in-part of the '165 application and was also examined by Examiner Whisenant. The remaining allegations in Paragraph 199 of the Counterclaims are legal conclusions that require no response. To the extent a response is required, Ravgen denies any and all remaining allegations in Paragraph 199 of the Counterclaims.

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

**1. Allegations that Examples 4 and 15 of the Asserted Patents cannot show that EDTA is not a cell lysis inhibitor.**

200. Ravgen admits that Dr. Grody stated that "The experiments described in Examples 4 and 15 did not test the effectiveness of EDTA at preventing cell lysis. In fact, if that were the intent, the experiments would have compared the amount of cell lysis in tubes with no EDTA to the amount of cell lysis in tubes with EDTA alone. And if the intent were to further compare the effectiveness of EDTA to that of formalin, the test would have compared the amount cell lysis in tubes with EDTA alone to the amount of cell lysis in tubes with formalin alone. No such experiments were described in the specifications." D.I. 46-1 at ¶ 55. Ravgen denies any and all remaining allegations in Paragraph 200 of the Counterclaims.

201. Ravgen admits that D.I. 49-1 at ¶ 39 states "Example 4 describes an experiment measuring the effect of adding formaldehyde to blood samples on cell-free DNA isolation. '277 patent at 89:1–91:60. In the experiment, EDTA is added to both the formaldehyde-containing sample and the control sample. In my opinion, because EDTA was in the control sample, this experiment cannot determine whether or not EDTA is a cell lysis inhibitor. Similarly, this experiment cannot tell how much EDTA might inhibit cell lysis." D.I. 49-1 at ¶ 39. Ravgen denies any and all remaining allegations in Paragraph 201 of the Counterclaims.

202. Ravgen denies the allegations in Paragraph 202 of the Counterclaims.

**2. Allegations that the Applicant falsely told the PTO that Examples 4 and 15 of the Asserted Patents demonstrate that EDTA is not an agent that inhibits cell lysis.**

203. Ravgen admits that Exhibit AA appears to be a reproduction of an office action related to the '165 application dated "03/17/2006." Ravgen admits that Exhibit AA states "Claim(s) 87-95, 100, and 102 is/are rejected under 35 U.S.C. 102(b) as being anticipated by Lo et al. [WO98/39474 ( SEP 1998 )]." Ravgen admits that Exhibit AA states "Lo et al. teach a method

for preparing a sample for analysis comprising all of the limitations recited in Claims 87–95, 100, and 102. Note pp. 6–8 wherein Lo et al. teach collecting maternal blood into a tube comprising EDTA (i.e. agent that inhibits cell lysis).” Ravgen denies any and all remaining allegations in Paragraph 203 of the Counterclaims.

204. Ravgen admits that Exhibit Y states:

> As shown in Example 4, discussed above, the addition of formalin, even in the presence of EDTA, to samples has a dramatic effect on the percentage of free fetal DNA isolated from the samples. The fact that the addition of formalin can have such a dramatic effect on the percentage of free fetal DNA serves to demonstrate that formalin and EDTA have very different properties and cannot be equated to each other.

Ravgen denies any and all remaining allegations in Paragraph 204 of the Counterclaims.

205. Ravgen denies the allegations in Paragraph 205 of the Counterclaims.

206. Ravgen denies the allegations in Paragraph 206 of the Counterclaims.

**3. Allegations that the Applicant’s false statements characterizing Examples 4 and 15 were material.**

207. Ravgen admits that Exhibit Y states “The fact that the addition of formalin can have such a dramatic effect on the percentage of fetal free DNA serves to demonstrate that formalin and EDTA have very different properties and cannot be equated to each other.” Ravgen denies any and all remaining allegations in Paragraph 207 of the Counterclaims.

208. Ravgen denies the allegations in Paragraph 208 of the Counterclaims.

**4. Allegations that the Applicant’s misconduct infected the prosecution of the ’720 patent.**

209. Ravgen admits the allegations in Paragraph 209 of the Counterclaims.

210. Ravgen is without knowledge as to the allegations in Paragraph 210 of the Counterclaims.

211. Ravgen denies the allegations in Paragraph 211 of the Counterclaims.

**PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL**

## JURY DEMAND

212. Ravgen admits that Natera demands a trial by jury on all issues so triable in this action. Ravgen demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

Ravgen denies that Natera is entitled to any relief, either as prayed for in its Counterclaims (D.I. 70) or otherwise. Ravgen further denies each allegation contained in Natera's Counterclaims that was not specifically admitted, denied, or otherwise responded to herein. Ravgen respectfully requests that the Court enter judgment in its favor and against Natera on the Counterclaims, declare this case exceptional under 35 U.S.C. § 285, award Ravgen its attorneys' fees, costs, and expenses, and grant Ravgen such further relief as the Court deems just and proper.

Dated: May 18, 2021

Respectfully submitted,

By: /s/ *Kerri-Ann Limbeek* (*pro hac vice*)

Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

John M. Desmarais (*pro hac vice*)
Kerri-Ann Limbeek (*pro hac vice*)
Jamie L. Kringstein (*pro hac vice*)
Kyle G. Petrie (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
jkringstein@desmaraisllp.com
kpetrie@desmaraisllp.com

*Attorneys for Ravgen, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May 2021, all counsel of record who are deemed to have consented to electronic service were served with a copy of the foregoing document via email.

/s/ *Kerri-Ann Limbeek (pro hac vice)*
Kerri-Ann Limbeek