# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-09011-RGK-GJS | | Date | OCTOBER 7, 2022 |
|---|---|---|---|---|
| Title | *Ravgen, Inc. v. Quest Diagnostics Incorporated* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| *Krystal Hernandez* | *Not Reported* | *N/A* |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order re Joint Statement [DE 491]**

The Court has read and considered the Joint Statement filed by Ravgen, Inc. ("Plaintiff") and Quest Diagnostics Incorporated ("Defendant"). The parties represent that they have agreed to a settlement in principle and have stipulated to a dismissal of this action with prejudice, conditioned on the Court's vacatur of its Order re: Motions for Summary Judgment and Partial Summary Judgment at Dkt. No. 449.

Federal Rule of Civil Procedure ("Rule") 60(b) gives a district court discretion to vacate a judgment when "the equities so demand." *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998). While a district court may vacate an order upon the parties' settlement, it of course is not required to do so. *Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982). The Court must therefore balance the equities at issue by addressing two competing considerations: (1) "the consequences and attendant hardships of dismissal or refusal to dismiss"; and (2) "the competing values of the finality of judgment and right to relitigation of unreviewed disputes." *Dilley v. Gunn*, 64 F.3d 1365, 1371 (9th Cir. 1995).

Here, the equities weigh in favor of vacatur and dismissal. Without dismissal, the parties and the Court will expend considerable resources when the case moves forward to trial (and any potential appeal that follows). And the Ninth Circuit instructs that courts should avoid such expenditure when possible, particularly because it is "committed to the rule that the law favors and encourages compromise settlements." *Ahern v. Central Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988).

The competing considerations do not outweigh the potential hardships here. There is no heightened concern for maintaining the finality of judgment here, where the Court's Summary Judgment Order would have preclusive effect on only a portion of the claims and defenses in this action. And the concern for each party's right to relitigate an unreviewed dispute appears minimal, given that both sides have affirmatively waived that right.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-09011-RGK-GJS | Date | OCTOBER 7, 2022 |
|---|---|---|---|
| Title | *Ravgen, Inc. v. Quest Diagnostics Incorporated* | | |

Accordingly, having balanced the equities, the Court finds that the settlement here warrants vacatur and dismissal. For these reasons, the Court:

- **VACATES** the Summary Judgment Order at Dkt. No. 449;

- **DISMISSES** the action **WITH PREJUDICE**, pursuant to the parties' stipulation under Rule 41(a)(1)(A)(ii); and

- **DENIES** *as moot* the pending applications at Dkt. Nos. 453 and 467.

**IT IS SO ORDERED.**

           : 

Initials of Preparer      KMH