# EXHIBIT 6

## Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAVGEN, INC.,            )
         Plaintiff,      )  C.A. No. 20-1734-MN-JLH
     v.                  )
                         )
ILLUMINA, INC., et al.,  )
         Defendants.     )

Wednesday, March 29, 2023
3:00 p.m.

844 King Street
Wilmington, Delaware

BEFORE:  THE HONORABLE JENNIFER L. HALL
         United States District Court Judge

APPEARANCES:

    FARNAN, LLC
    BY:  JOSEPH FARNAN, ESQ.

         -and-

    DESMARAIS, LLP
    BY:  BRIAN MATTY, ESQ.

              Counsel for the Plaintiff

Hawkins Reporting Service
855 Arthursville Road   Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418

## Page 2

1   APPEARANCES CONTINUED:
2
3   ASHBY & GEDDES, P.A.
    BY:  ANDREW MAYO, ESQ.
4
         -and-
5
    WEIL, GOTSHAL & MANGES, LLP
6   BY:  DEREK WALTER, ESQ.

            Counsel for Illumina and
7           Verinata Health
8
    RICHARDS, LAYTON & FINGER, P.A.
9   BY:  CHRISTINE HAYNES, ESQ.
    BY:  FRED COTTRELL, ESQ.
10
         -and-
11
    WILMER HALE
12  BY:  ROBERT J. GUNTHER, JR., ESQ.
    BY:  CHRISTOPHER NOYES, ESQ.
13  BY:  OMAR KAHN, ESQ.
    BY:  BRIAN JACOBSMEYER, ESQ.
14
         -and-
15
    ARNOLD & PORTER KAYE SCHOLER, LLP
16  BY:  WALLACE WU, ESQ.
    BY:  JENNIFER SKLENAR, ESQ.
17  BY:  JONATHAN SWISHER, ESQ.

            Counsel for Ariosa, Roche
18          and FMI
19
20  MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
    BY:  JEREMY TIGAN, ESQ.
21
         -and-
22
    WHITE & CASE, LLP
23  BY:  PETER ARMENIO, ESQ.
24            Counsel for Myriad

Hawkins Reporting Service
855 Arthursville Road   Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418

## Page 3

1   APPEARANCES CONTINUED:
2      McCARTER & ENGLISH, LLP
       BY:  ALEXANDRA JOYCE, ESQ.
3
            -and-
4
       WILMER HALE
5      BY:  MICHAEL SUMMERSGILL, ESQ.
       BY:  AMANDA MAJOR, ESQ.
6      BY:  ERIC HANSON, ESQ.

7                Counsel for Biora

Hawkins Reporting Service
855 Arthursville Road   Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418

## Page 4

1           THE COURT:  Good afternoon,
2   everyone.  This is Jennifer Hall.  We're here
3   for a dispute teleconference.  These are a
4   number of cases filed by Ravgen.  Let's make our
5   appearances then for the record.  Let's start
6   with Ravgen versus Illumina 20-1644, let's have
7   appearances for plaintiff.
8           MR. FARNAN:  Good afternoon, Your
9   Honor.  This is Joseph Farnan from Farnan LLC.
10  On the phone for Ravgen we have John Desmarais,
11  Brian Matty from Desmarais LLC and Ravinder
12  Dhallan and John Barney from Ravgen.
13          THE COURT:  Good afternoon to all
14  of you.  And the Illumina defendants.
15          MR. MAYO:  Yes.  Good afternoon,
16  Your Honor.  Andrew Mayo from Ashby & Geddes on
17  behalf of Illumina and Verinata Health.  I'm
18  joined on the phone today by my co-counsel,
19  Derek Walter from Weil Gotshal.
20          THE COURT:  Good afternoon to both
21  of you.  How about Ariosa, Roche and FMI.
22          MS. HAYNES:  Good afternoon, Your
23  Honor.  This is Christine Haynes from Richards,
24  Layton & Finger on behalf of Ariosa, Roche

Hawkins Reporting Service
855 Arthursville Road   Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418

61

examiner considered to be material. It seems to me that the standard to be applied in determining whether a reference is but for material is not whether the particular examiner or particular PTAB panel considered it to be but for material, rather it's that of a reasonable examiner and the Court usually has an obligation to reach an independent conclusion as to materiality and validity.

Whether plaintiff's argument is a winner in a case where the alleged omitted reference is argued to disclose limitations that render a claim obvious or anticipated I do not know and need not decide here. That is because the circumstances here are that the alleged omitted references pertain to unexpected results. The record before the Court reflects that the PTAB never assessed unexpected results because it found that the obviousness combinations at issue in the IPR did not disclose all of the claim limitations or that there were was no motivation to combine those references. It seems to me to be at least theoretically possible that validity of the

62

claims might turn on unexpected results and the alleged omitted references might be but for material on that issue.

Therefore, I reject plaintiff's first argument that defendants will never be able to show but for materiality.

In addition, as we've discussed during the hearing today, at least some of the defendant's inequitable conduct arguments aren't based solely on omission. They are also based on misrepresentations and I cannot say on this record that those claims are futile.

Plaintiff's second argument is that defendants have failed to plausibly plead intent because the Therasense case says that when there are multiple inferences that can be drawn intent to deceive cannot be found. Plaintiff is right about the substantive legal standard, but plaintiff is wrong that Therasense is a pleading standard. Pleading inequitable conduct is governed by rule 9(b) and there is no requirement that plaintiff plead facts demonstrating that intent to deceive is the most reasonable inference.

63

Defendant's cited a case during argument today that wasn't in the papers that supposedly stands for that proposition. I have not read that case, but if it says what defendants says, I agree with that. That is my understanding of the law.

Plaintiff's third argument is that discovery on inequitable conduct is onerous and that it should not be allowed in view of the futility of defendant's pleading. I agree with plaintiff, that inequitable conduct discovery can be onerous, but I disagree that the pleadings are futile.

Because I reject plaintiff's arguments regarding futility, defendants are granted leave to add the inequitable conduct allegations.

And just to be clear for the record, all I've determined today is that inequitable conduct has been plausibly pleaded.

I also grant the motions with respect to defendant's proposed affirmative defense of license release and exhaustion. As for those defenses, the third circuit says that

64

a timely motion seeking to add an affirmative defense should generally be allowed absent undue surprise or prejudice to plaintiff. There is no basis on this record to conclude that undue surprise or prejudice by allowing those defenses to be added. Plaintiffs says that the defenses are futile, but the federal rule only require defenses to be stated in general terms and to give the plaintiffs fair notice of the nature of the defense. The proposed pleadings here do that.

Again, during oral argument defendants cited a case that wasn't in their papers to my knowledge that supposedly stands for that proposition. I have not read that case either, but if it says what defendants says, I also agree with that and that is my understanding of the law.

And moreover, having looked at the factual allegations regarding the license defense, I cannot say on this record that the defenses or the declaratory judgment claims that are associated with the license argument are futile. And I agree with defendants that it

65

1  would be inappropriate to resolve the question
2  of the effect of the Ravgen TSPLA in this
3  procedural posture.
4        And that concludes the Court's
5  ruling on the pending motions. Okay. That will
6  concludes the hearing today. Thank you.
7        (End at at 4:31 p.m.)

Hawkins Reporting Service
855 Arthursville Road   Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418

66

1  State of Delaware)
                  )
2  New Castle County)

5        CERTIFICATE OF REPORTER

7        I, Stacy M. Ingram, Certified Court Reporter
8  and Notary Public, do hereby certify that the
9  foregoing record, Pages 1 to 66 inclusive, is a true
10 and accurate transcript of my stenographic notes
11 taken on March 29, 2023, in the above-captioned
12 matter.

14       IN WITNESS WHEREOF, I have hereunto set my
15 hand and seal this 29th day of March 2023, at
16 Wilmington.

19       _/s/ Stacy M. Ingram_
20       Stacy M. Ingram, CCR

Hawkins Reporting Service
855 Arthursville Road   Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418