# EXHIBIT 3

```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
                       AUSTIN DIVISION

RAVGEN, INC.,                        ) AU:20-CV-00692-LY
                                     )
    Plaintiff,                       )
                                     )
v.                                   ) AUSTIN, TEXAS
                                     )
NATERA, INC., NSTX, INC.,            )
                                     )
    Defendants.                      ) FEBRUARY 28, 2023

        *********************************************
              TRANSCRIPT OF SCHEDULING CONFERENCE
                BEFORE THE HONORABLE LEE YEAKEL
        *********************************************

FOR THE PLAINTIFF:    DERON R. DACUS
                      THE DACUS FIRM, P.C.
                      821 EAST SOUTHEAST LOOP 323, SUITE 430
                      TYLER, TEXAS 75701

                      KERRI-ANN LIMBEEK
                      DESMARAIS LLP
                      230 PARK AVENUE, 26TH FLOOR
                      NEW YORK, NEW YORK 10169

FOR THE DEFENDANTS:   STEPHEN M. HASH, ALEXANDER T. PIALA
                      MCDERMOTT WILL & EMERY LLP
                      303 COLORADO STREET, SUITE 2200
                      AUSTIN, TEXAS 78701

                      MICHAEL J. SUMMERSGILL
                      WILMER CUTLER PICKERING HALE AND DORR LLP
                      60 STATE STREET
                      BOSTON, MASSACHUSETTS 02109

                      AMANDA L. MAJOR
                      WILMER CUTLER PICKERING HALE AND DORR LLP
                      2100 PENNSYLVANIA AVE, NW
                      WASHINGTON, D.C. 20037

COURT REPORTER:       ARLINDA RODRIGUEZ, CSR
                      501 WEST 5TH STREET, SUITE 4152
                      AUSTIN, TEXAS 78701

Proceedings recorded by computerized stenography, transcript
produced by computer.
```

```
14:01:23   1              (Open court)
14:01:23   2              THE COURT:  We're here today for a scheduling
14:01:25   3   conference, or conference of some kind, in Cause Number
14:01:26   4   20-CV-692, Ravgen, Incorporated v. Natera, Incorporated and
14:01:32   5   others.
14:01:32   6              Let me start with the plaintiff, and tell me who is
14:01:35   7   here, please.
14:01:36   8              MR. DACUS:  Good afternoon, Your Honor.  Deron Dacus
14:01:39   9   on behalf of the plaintiff, Ravgen.  And here with me is
14:01:43  10   Kerri-Ann Limbeek with the Desmarais law firm, and we're ready
14:01:47  11   to proceed, Your Honor.
14:01:47  12              THE COURT:  All right.  Give my just a minute.
14:01:54  13   There's so many people listed in the caption, I need to find
14:01:57  14   you-all.
14:02:00  15              And for the defendants?
14:02:01  16              MR. HASH:  Your Honor, Stephen Hash from McDermott
14:02:04  17   Will & Emery, with Alex Piala, on behalf of Natera.  We also
14:02:09  18   have cocounsel Michael Summersgill and Amanda Major from Wilmer
14:02:14  19   Hale.  And we're ready to proceed.
14:02:18  20              THE COURT:  All right.  Give me those names again.
14:02:22  21   You're Mr. Hash, and I got Ms. Major.  Who else is here?
14:02:24  22              MR. HASH:  Piala, P-i-a-l-a, from McDermott.
14:02:27  23              THE COURT:  All right.
14:02:27  24              MR. HASH:  And Summersgill, Michael Summersgill.
14:02:28  25              THE COURT:  All right.  Thank you.  All right.  I've
```

```
14:15:02   1  defense in its contentions.  It did not raise that defense
14:15:05   2  during its interrogatory responses.  And this is the first
14:15:09   3  we're hearing of it from Natera based on a vacated order.
14:15:12   4           And so I don't think that Natera should be allowed to
14:15:17   5  reopen discovery and motion practice on issues where Natera had
14:15:22   6  the document in front of it and chose different defenses than
14:15:26   7  the other defendants in different cases.
14:15:29   8           So we don't want to get into a situation where we're
14:15:32   9  relitigating things that have already -- that -- you know, the
14:15:37  10  parties have gone through this case and they've narrowed the
14:15:40  11  asserted claims and they've narrowed the defenses and they've
14:15:43  12  narrowed the prior art in preparation for trial.  To now allow
14:15:48  13  Natera to reopen discovery to argue different defenses, when
14:15:53  14  nothing has changed on the facts and they had the license and
14:15:56  15  they had all of the documents during discovery, I think would
14:15:59  16  be very prejudicial and inefficient.
14:16:04  17           And so that -- in addition, after that order
14:16:08  18  vacating -- after that order was vacated, there's been an
14:16:13  19  amendment to the license indicating the parties' intent not --
14:16:16  20  for that license not to apply to the defendants in this case
14:16:21  21  and others.  That makes -- you know, any motion on that is
14:16:26  22  going to -- or any amendment to the answer to add that defense
14:16:30  23  is going to be futile anyway.
14:16:33  24           THE COURT:  Well, let me just say, if I were to
14:16:35  25  reopen discovery, that does not mean it reopens discovery and
```

```
14:16:40   1  the defendants get to allege different things.  Discovery is
14:16:45   2  separate from pleadings.  That does not mean I've reopened
14:16:49   3  pleadings or allowed an amended pleading just if I reopen
14:16:54   4  discovery.  So just know that these things are maybe all
14:16:58   5  connected like the boxcars on a railroad train, but it doesn't
14:17:02   6  mean they all arrive at the station at the same time.
14:17:05   7              MS. LIMBEEK:  Right.  Thank you, Your Honor.  I think
14:17:07   8  that's our position, too.  Is that while we may need to reopen
14:17:10   9  discovery for a few very narrow categories of documents that
14:17:14  10  were not available in this case before discovery closed and the
14:17:18  11  case was stayed, we shouldn't be reopening discovery on
14:17:23  12  anything that was available before discovery closed and
14:17:27  13  dispositive motions happened in this case.
14:17:34  14              THE COURT:  Go there first.  Then you get a chance.
14:17:36  15              MR. SUMMERSGILL:  Yes, sir.  Thank you, Your Honor.
14:17:37  16              Just to respond to that, two things.  To address the
14:17:42  17  broader issue, the plaintiffs -- Ravgen are the ones who
14:17:47  18  approached us that said discovery needed to be reopened,
14:17:51  19  reopening both fact and expert discovery.  Now, they've
14:17:55  20  characterized it as, you know, very narrow discovery.  But
14:17:58  21  really what it is, is in the IPRs they made an argument that
14:18:04  22  the claims require a specific type of agent that actually
14:18:08  23  inhibits lysis.
14:18:09  24              In this case they don't have hard evidence right now
14:18:17  25  that what is in the blood collection tubes that Natera uses
```

```
14:34:58   1   100 percent confident we can cut down the motions under the
14:35:01   2   Court's direction, and -- and this case will be ready for trial
14:35:05   3   whenever the Court says it can try us.
14:35:07   4           So if there -- if I have failed to answer anything,
14:35:11   5   it wasn't by design.  I'm happy to do it.
14:35:13   6           THE COURT:  You've answered.
14:35:15   7           Let me hear from the defendant.
14:35:17   8           MR. SUMMERSGILL:  Thank you, Your Honor.
14:35:18   9           First piece is we think the case ought to remain
14:35:22  10   stayed because there are IPRs pending where decisions will come
14:35:26  11   out.
14:35:26  12           THE COURT:  Well, no.  Let me just stop there.  If
14:35:30  13   I'm going to open it up for some discovery and move along, that
14:35:36  14   doesn't mean I'm going to open it up for everything for you to
14:35:39  15   re-plead anything.
14:35:41  16           I can see merit in lifting the stay for you-all to do
14:35:45  17   what you need to do to resolve some of those motions and get
14:35:52  18   things moved around, where we can at least look at a trial
14:35:58  19   setting instead of waiting until we see what this last result
14:36:02  20   is going to be.  And, you know, I would lift the stay, but
14:36:09  21   then -- if I like what you're going to tell me about what you
14:36:13  22   would do in the interim, but then tell you all you can do in
14:36:18  23   the interim is A, B, C, and D until we get there.
14:36:21  24           One of my frustrations with what goes on at the --
14:36:28  25   you know, the PTO and its various component parts is sometimes
```