UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAVGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATERA, INC. AND NSTX, INC., <br><br> Defendants. | Civil Action No. 1:20-cv-00692-DAE <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS NATERA, INC. AND NSTX, INC.'S REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR ANSWER AND DEFENSES**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ATD Combusters, LLC v. Ameritube, LLC*,
   2019 WL 4087491 (WDTX July 3, 2019) ................................................................................2

*Beneplace, Inc. v. Pitney Bowes, Inc.*,
   2016 WL 11582929 (WDTX June 30, 2016) ......................................................................4, 5

*Fahim v. Marriott Hotel Services*,
   551 F.3d 344 (5th Cir. 2008) ...................................................................................................4

*Harmon v. Dallas County, Texas*,
   294 F. Supp. 3d 548 (NDTX 2018) .........................................................................................4

*LSREF2 Baron, L.L.C. v. Tauch*,
   751 F.3d 394 (5th Cir. 2014) ...................................................................................................3

*MetCap Securities LLC v. Pearl Senior Care, Inc.*,
   2007 WL 1498989 (Del. Ch. May 16, 2007) ..........................................................................5

*Miller v. Transport Depot Produce and Dry, Inc.*,
   2017 WL 11035598 (WDTX May 15, 2017) .........................................................................2

*Roque v. New 888 Restaurant, LLC*,
   2015 WL 5692572 (WDTX Sept. 28, 2015) ...........................................................................3

*Script Security Solutions, LLC v. Amazon.com, Inc.*,
   2016 WL 5916627 (EDTX Oct. 11, 2016) .............................................................................2

*SimpleAir, Inc. v. AWS Convergence Techs.*,
   2012 WL 12978325 (EDTX Jan. 31, 2012) ............................................................................3

*Sivertson v. Citibank, N.A.*,
   2019 WL 12239629 (EDTX Apr. 22, 2019) ...........................................................................4

*SLH Gen. Contractor, Inc. v. Ambience Inc.*,
   2020 WL 1130325 (Del. Com. Pl. 2020) ................................................................................5

**Other Authorities**

Restatement (Second) of Contracts § 311 ......................................................................................5

"Mot." refers to Defendants Natera, Inc. and NSTX, Inc.'s Motion for Leave to Amend Their Answer and Defenses, filed publicly at Dkt. 286 and under seal at Dkt. 287-1.

"Resp." refers to Plaintiff Ravgen, Inc.'s Opposition to Defendants' Motion for Leave to Amend Their Answer and Defenses, filed publicly at Dkt. 292 and under seal at Dkt. 293-1.

Exhibits are attached to the concurrently filed Declaration of Amanda Major.

Emphases have been added, unless otherwise noted.

Ravgen's opposition cannot overcome the key undisputed facts:

- Two courts have already recognized the merits of the defense that Natera seeks to add, including Judge Klausner granting summary judgment of release in the *Quest* case, and the District of Delaware rejecting Ravgen's futility argument and allowing the defense to proceed.

- Applied here, Judge Klausner's summary judgment ruling would eliminate at least ***$216 million*** from Ravgen's damages claim. In fact, after learning of the defense at the February 28, 2023 scheduling conference, Judge Yeakel requested that the parties submit a copy of Judge Klausner's decision to the Court. Feb. 28, 2023 Hr'g Tr. at 33:14-19.

- Ravgen is already well aware of the defense because it negotiated and amended the Agreement, and because it litigated—and lost—this same issue in the *Quest* case.

- Ravgen is seeking to reopen fact and expert discovery in this case in order to make new arguments, and so cannot claim prejudice if Natera is permitted to do the same.

- There are no deadlines to "continue" if Natera's motion is allowed because there is no scheduling order in place or trial date set in this case. Any limited discovery associated with this defense can be handled within the schedule ultimately adopted by the Court to address the additional discovery that ***both*** parties have already requested in the scheduling proposals.

Ravgen nevertheless seeks to avoid the TF defense by asserting that Natera "delay[ed]" bringing it (going so far as to suggest "bad faith" without a shred of evidence). But it is undisputed that the Agreement was produced: (1) ***after*** the deadline to amend; (2) only two weeks before the end of fact discovery, just as the parties were entering an intense stretch of expert discovery and trial preparation; and (3) shortly before the case was reassigned to Judge Yeakel, who then stayed the case. As a result, Natera did not have a realistic opportunity to investigate and raise the defense earlier. Such circumstances do not amount to unreasonable delay that would warrant excluding a defense implicating over $200 million.

A.   **Ravgen's Rule 16(b) Arguments Are Wrong**

***First***, Ravgen's suggestion that Natera has no other viable defenses (Resp. 1-2)—by referring to (i) the outcome of Ravgen's suit involving a ***different*** defendant, (ii) the outcome of *inter partes* reviews brought by ***different*** defendants, and (iii) Ravgen's views on Natera's other defenses—is irrelevant to whether the ***TF defense*** should be added. It is also wrong, evidenced by

1

the fact that Ravgen only a few pages later contradicts it, asserting that Natera *does* have other "potentially dispositive" defenses. *Id.* 4-5.

**Second**, Ravgen is wrong that Natera's motion is untimely and that Natera has provided "***no explanation***" for the timing of its request. Resp. 2, 3, 8. Ravgen makes much of the fact that two years have passed since the Agreement was produced, but that soundbite ignores the facts behind the timing of Natera's amendment. As Natera explained, the Agreement was executed on June 21, 2021 but not produced until July 7, 2021 (along with more than 3,000 pages of other documents), two months *after* the original deadline to amend pleadings and only two weeks before the close of fact discovery. Mot. 5; Dkt. 286-10 at 1. The parties then engaged in an intense expert discovery period (19 expert reports, 9 depositions in six weeks); dispositive motions (9 motions); and preparation for the December 2021 jury trial. *See* Dkt. 91. In November, the trial was cancelled and the case reassigned to Judge Yeakel. Dkts. 182, 183. No new schedule was set. Instead, a few months later (and before requesting any scheduling proposal), Judge Yeakel stayed the case. Dkts. 183, 247. As a result, for the majority of the time since the Agreement was produced, the case has been stayed. And Natera did not have a realistic opportunity to investigate and plead this defense during discovery prior to the stay. Mot. 6-7. Once Judge Yeakel indicated at the February 2023 conference that he was considering lifting the stay, Natera promptly voiced its intent to move to amend the pleadings and then filed this motion shortly thereafter. Feb. 28, 2023 Hrg. Tr. at 13-14. These circumstances do not constitute undue delay that would justify excluding such a significant defense. *Cf. Script Sec. Sols., LLC v. Amazon.com, Inc.*, 2016 WL 5916627, at *3 (EDTX 2016) (allowing amendment to add license defense due to importance despite "delay").[1]

---

[1] Ravgen's cases are inapposite. Resp. 3 (*ATD Combusters*, 2019 WL 4087491, at *4 (WDTX 2019) ("Ameritube offers ***no explanation*** for its failure to timely move for leave to amend."); *Miller*, 2017 WL 11035598, at *3 (WDTX 2017) (counsel "busy scheduling depositions" and "the

2

Ravgen's argument that the Agreement was addressed by Natera's experts does not change this result. *See* Resp. 2. Ravgen's expert put the Agreement at issue by relying on it to calculate damages. Mot. 8. Natera's expert then responded by criticizing his damages opinion, Dkt. 293-2, ¶¶105-110, and Natera filed a *Daubert* motion to exclude the opinion as unreliable. Dkt. 104 at 3-4. None of that analysis involved the question of whether the Agreement provided a release/license to TF customers. It thus does not suggest that Natera should have raised the defense earlier.[2] Moreover, while the case was stayed, there were additional developments—the *Quest* decision and Ravgen's December 2022 attempt to amend the Agreement—that materially impacted the defense and could not have been accounted for prior to the stay.[3]

**Third**, Ravgen is wrong that Natera's proposed amendment "is not important." *See* Resp. 4. Natera's release argument alone could eliminate **hundreds of millions of dollars** in alleged damages. That is plainly "important." *SimpleAir, Inc. v. AWS Convergence Techs.*, 2012 WL 12978325, at *3 (EDTX 2012) (license/exhaustion defense "important" as it may "reduce[] liability"); Mot. 7. Ravgen's assertion that an amendment is not "important" where a defendant has other defenses is wrong as a matter of law, as its own cited cases prove. *See* Resp. 4-5.[4]

**Finally**, Ravgen argues that it would be prejudiced by Natera's proposed amendment because Natera's defense "could result in extensive discovery" and "extend the litigation" as it is

---

holiday season" insufficient explanation); *Roque*, 2015 WL 5692572, at *10 (WDTX 2015) ("unclear why" plaintiff waited months to file)).

[2] Contrary to Ravgen's claim, Natera's expert addressed the **hypothetical** license negotiation under the *Georgia-Pacific* damages framework, not the release/license issue. Dkt. 293-2, ¶¶105-110.

[3] Natera did not have to cite the *Quest* order or the December 2022 Amendment in the pleading itself for those events to be relevant—the pleading must merely provide "fair notice" of the defense; not all of the details in support. *LSREF2 Baron, L.L.C.*, 751 F.3d at 398.

[4] Ravgen's assertion rests solely on out-of-context quotations from cases that instead **support Natera**. *See* Resp. 4-5 & n.5 (citing, *e.g.*, *Joe Hand Promotions, Inc.*, 2018 WL 7286494, at *4 (WDTX 2018) ("importance" factor weighed ***in favor*** of granting leave).

3

"entirely new." Resp. 6-7. As an initial matter, Ravgen itself is seeking to reopen discovery to supplement its infringement arguments and, as Judge Yeakel confirmed, reopening of the record should be a two-way street. Feb. 28, 2023 Hr'g Tr. at 13:5-11. Ravgen can hardly claim prejudice where it too seeks to supplement.[5] In any event, this defense is not "new" to Ravgen—it is the same issue that Ravgen already litigated, and lost, in *Quest*. Mot. 7-8. Ravgen's claim that additional discovery "***could*** be substantial" is unsupported. Resp. 6-7. Natera has **already produced** documents identifying the TF products used in performing the tests at issue (*e.g.*, Ex. 1 at 3, Ex. 2 at 2-4). Ravgen further fails to identify the supposedly substantial discovery that would be required from third-party TF. Moreover, where there is currently no scheduling order or trial date, and both parties have proposed additional discovery, any such limited additional discovery would neither prejudice Ravgen nor delay the case.[6]

### B.    Ravgen Is Wrong That Natera Does Not Meet Rule 15's "Liberal" Standard

***First***, Ravgen's arguments regarding purported "delay" and "prejudice" fail for the same reasons explained above. *See* Resp. 8, 9; *see also* Mot. 9. Moreover, Ravgen's suggestion that Natera "wait[ed]" to file its motion "to gain a tactical advantage" is untrue. *See* Resp. 8-9. Natera brought this request based on facts it discovered and developed during the stay. Mot. 9. Natera then made its motion promptly after the Court asked the parties to submit proposals for further proceedings in the case. *Id.* There is no basis for Ravgen's insinuations of "bad faith."[7]

---

[5] Ravgen notes that, early in the February 2023 conference, Judge Yeakel indicated that reopening discovery "does not mean…defendants get to allege different things" (Resp. 7), but Ravgen leaves out that, after Natera summarized its release defense, the Court specifically requested a copy of Judge Klausner's order. *See* Mot. 2 n.1.

[6] Ravgen's cited cases are inapposite. In each, unlike here, there was a schedule. Resp. 5-6 (citing *Fahim*, 551 F.3d at 347-48 (expert deadline passed, trial set); *Filgueira*, 734 F.3d at 423-24 (amendment would "extend the litigation"); *Sivertson*, 2019 WL 12239629, at *3 (EDTX 2019) (no chance to "serve discovery" on claim); *Beneplace*, 2016 WL 11582929, at *9 (WDTX 2016) (schedule set, discovery deadlines had passed, dispositive motion deadline only weeks away).

[7] Ravgen's cases are inapposite. Resp. 8-9; *e.g.*, *Harmon*, 294 F. Supp. 3d at 568 (improper "wait

4

*Second*, Ravgen's assertion that Natera's amendment is "futile" has already been rejected by two courts. *See* Mot. 10. Contrary to Ravgen's claim (Resp. 9), Natera's third-party beneficiary status is clear from the face of the Agreement. Dkt. 286-4, § 1.10; *SLH Gen. Contractor, Inc. v. Ambience Inc.*, 2020 WL 1130325, at *4 (Del. Com. Pl. 2020) ("It is not essential for the third-party to be specifically named in the contract; rather, intent to benefit the third-party can be inferred."). Indeed, Judge Klausner already ruled that the Agreement's plain language confers rights to TF customers like Natera. Dkt. 286-5, *Quest* at 7.[8] Similarly, as Natera explained (Mot. 10) but Ravgen ignores, Judge Klausner also already rejected Ravgen's interpretation of the "solely" language as "strained." *Id.* 6. That Judge Klausner's order was vacated **in connection with settlement** (Resp. 10)—a fact Judge Yeakel noted at the status conference after Ravgen referred to the decision as "vacated"—has no bearing on the decision's merits. Dkt. 286-6 at 1; Feb. 28, 2023 Hr'g Tr. at 10:13-20. And despite its argument otherwise, Resp. 9-10, Ravgen's attempt to "clarify[]" the Agreement, **after the decision in Quest**, to undo rights granted to TF customers cannot change the result because the Agreement provides an "irrevocable" release. Dkt. 286-4, § 2.2; Restatement (Second) of Contracts § 311 (1), comment a (parties "can…create a duty to a beneficiary which cannot be varied without the beneficiary's consent"). That Ravgen tried to amend the Agreement to eliminate such rights only confirms that it granted them in the first place.

Ravgen should not be permitted to seek hundreds of millions of dollars in damages that have already been released. Natera respectfully submits that its motion to amend should be granted.

---

and see" approach entailed "seeking to amend his pleadings, attempting to revive previously abandoned claims, and asserting new claims whenever he is faced with dismissal of a claim, and even filing a motion to recuse"); *Beneplace*, 2016 WL 11582929, at *9 (fact/expert discovery deadlines "passed," trial set, dispositive motion deadline weeks away).

[8] *MetCap*, the only case Ravgen cites, is distinguishable because the contract at issue there, unlike the Agreement, did not indicate **any** intent to benefit third parties. *MetCap Sec. LLC*, 2007 WL 1498989, at *8 (Del. Ch. 2007).

5

Dated: May 5, 2023 	 Respectfully submitted,

By: */s/ Stephen M. Hash*
   Stephen M. Hash
   Texas Bar No. 24012800
   Samoneh Schickel
   Texas Bar No. 24097911
   Alexander T. Piala
   Texas Bar No. 24110223
   **MCDERMOTT WILL & EMERY LLP**
   303 Colorado Street, Suite 2200
   Austin, Texas 78701
   Phone: (512) 726-2571
   shash@mwe.com
   sschickel@mwe.com
   apiala@mwe.com


   Elizabeth Durham Flannery
   Texas Bar No. 24045815
   Michael Hawes
   Texas Bar No. 24010761
   **BAKER BOTTS L.L.P.**
   One Shell Plaza
   910 Louisiana Street
   Houston, TX 77002-4995
   Phone: (713) 229-1234
   liz.flannery@bakerbotts.com
   mhawes@bakerbotts.com


   Michael J. Summersgill (*Pro Hac Vice*)
   **WILMER CUTLER PICKERING
     HALE AND DORR LLP**
   60 State Street
   Boston, Massachusetts 02109
   Tel: (617) 526-6000
   Fax: (617) 526-5000
   michael.summersgill@wilmerhale.com


   Amanda L. Major (*Pro Hac Vice*)
   **WILMER CUTLER PICKERING
     HALE AND DORR LLP**
   1875 Pennsylvania Avenue NW
   Washington, DC 20006
   Tel: (202) 663-6000

6

                         Fax: (202) 663-6363
                         amanda.major@wilmerhale.com

                         ***Attorneys for Defendants Natera, Inc.***
                         ***and NSTX, Inc.***

## **CERTIFICATE OF SERVICE**

     I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 5th day of May 2023, with a copy of this document via electronic mail.

                         */s/ Stephen M. Hash*
                         Stephen M. Hash