IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAVGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATERA, INC. AND NSTX, INC., <br><br> Defendants. | Civil Action No. 1:20-cv-00692-ADA <br><br> JURY TRIAL DEMANDED |

**ORDER REGARDING THE PARTIES' DISCOVERY DISPUTE REQUESTS**

Before the Court are two discovery disputes between Plaintiff Ravgen, Inc. ("Ravgen") and Defendants Natera, Inc. and NSTX, Inc. ("Natera") in the above-captioned action, which arose via the Court's OGP discovery dispute process.

First, Natera seeks an order compelling Ravgen to produce the deposition transcript and related exhibits from the deposition of Dr. Ravinder Dhallan, Ravgen's CEO and named inventor on the patent-in-suit, from Ravgen's suits pending in the District of Delaware to use "as impeachment as necessary." *E.g.*, *Ravgen, Inc. v. Biora Therapeutics, Inc.*, C.A. No. 20-cv-1734-RGA-JLH (D. Del.). Natera argues that Dr. Dhallan's Delaware deposition testimony is relevant, admissible, and should be produced in this case with the accompanying exhibits "primarily simply for impeachment purposes." Ravgen responds that Dr. Dhallan's Delaware testimony is duplicative and cumulative of testimony from Dr. Dhallan already provided to Natera, and that its production is unfairly prejudicial to Ravgen.

Second, Ravgen seeks an order compelling Natera to produce certain communications between Natera and/or its outside law firm and third-party Streck, Inc. ("Streck") and/or its counsel

related to Ravgen, the Asserted Patents, and related IPRs/EPRs.  Ravgen avers that the requested communications are not privileged, are relevant to (1) whether Natera is estopped under § 315(e) regarding Streck's concluded IPR; and (2) the credibility of Streck's trial witnesses, and should be produced.  Natera responds that Ravgen's request seeks materials that are privileged and/or work product and protected by the common interest doctrine.

After consideration, including hearing oral argument on Natera's Motion and Ravgen's Motion on October 5, 2023, the Court finds that Natera's Motion is **GRANTED**.  Accordingly, Ravgen shall produce the transcript of Dr. Dhallan's deposition from Ravgen's suits pending in the District of Delaware and any exhibits thereto that are overlapping with this case.  The Court further finds that Ravgen's Motion is **DENIED**.

SO ORDERED, this 18th day of October, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE