# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAVGEN, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>NATERA, INC. and NSTX, INC.,<br><br>            Defendants. | **Civil Action No. 1:20-cv-000692-ADA**<br><br>**JURY TRIAL DEMANDED** |

**CONTENTIONS OF THE PARTIES**

By providing these contentions, the parties do not concede that any of the following issues are appropriate for trial (at all or to a jury). The parties also do not waive any of their pending motions or any future motions they may file.

**A. Ravgen's Statement of Contentions**

1. Ravgen is the assignee and owner of all substantial rights, title, and interest in and to the '277 Patent.

2. Ravgen has standing to bring this suit.

3. Natera directly infringed claims 125 and 132 of the '277 Patent, either literally or under the doctrine of equivalents, by using its Panorama test.

4. Natera's infringement of the Asserted Claims of the '277 Patent has been willful.

5. Natera has had actual or constructive knowledge of the '277 Patent and its infringement of the '277 Patent.

6. The Asserted Claims of the '277 Patent are not invalid for any reason, including under 35 U.S.C. §§ 102, 103, and 112.

7. Dr. Ravinder S. Dhallan is the proper and sole inventor of the Asserted Patent and the Asserted Patent is not invalid for improper inventorship under 35 U.S.C. § 102(f). Even if Dr. Dhallan is not the sole inventor, this Court should correct the inventorship under 35 U.S.C. § 265 rather than invalidate the patents.

8. The Asserted Claims of the '277 Patent is not patent ineligible for any reason, including under 35 U.S.C. § 101.

9. The Asserted Claims of the '277 Patent is not unenforceable for any reason.

10. Ravgen has suffered damages by Natera's infringement and is entitled to compensation, including the dollar amount that will compensate Ravgen for infringement of the Asserted Claims of the '277 Patent, including the amount of a reasonable royalty.

11. Ravgen is entitled to an accounting of damages at least up to the date of the expiry of the '277 Patent.

12. Natera's infringement and conduct in this case justifies a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and Ravgen is entitled to an award of its costs and attorneys' fees.

13. Ravgen is entitled to an award of pre-judgment and post-judgment interest.

14. Ravgen is entitled to enhanced damages due to Natera's willful infringement under 35 U.S.C. § 284.

15. Ravgen is entitled to any further relief that the Court deems just or proper.

16. To the extent not explicitly addressed, Ravgen disagrees with each of Natera's contentions below.

    **B.    Natera's Statement of Contentions**

17. Natera denies that the Panorama test, including Natera's use, sale, or offer to sell the Panorama test infringed the Asserted Claims, either directly or under the Doctrine of

Equivalents. Natera's Panorama test did not practice or embody any Asserted Claim, nor did Ravgen disclose in sufficient detail in its infringement contentions or expert reports how each limitation of the Asserted Claims is supposedly satisfied by Natera's Panorama test.

18. Natera further contends that, even if Natera were found to have infringed any Asserted Claim, any such infringement was not willful. Ravgen has not identified any instance in which it gave Natera actual notice of alleged infringement of the '277 Patent by the Panorama test. Even after the filing of the complaint, Natera believed in good faith that the Asserted Claims of the '277 Patent were invalid and not infringed, and, therefore, Ravgen cannot demonstrate that any alleged infringement by Natera was willful.

19. Natera contends that the Asserted Claims, including as they have been construed by the Court and applied by Ravgen for purposes of arguing infringement, are invalid for lack of written description and enablement support under 35 U.S.C. § 112 and invalid as obvious under 35 U.S.C. § 103, respectively. Natera contends that the following references are prior art to the Asserted Claims:

- U.S. Patent No. 5,891,734 (referred to as "Abbott");

- The publication by Chen et al., titled "*Fetal DNA in maternal plasma: the prenatal detection of a paternally inherited fetal aneuploidy*" (referred to as "Chen");

- The publication by Chiu et al., titled "*Effects of blood-processing protocols on fetal and total DNA quantification in maternal plasma*" (referred to as "Chiu");

- The publication by Hahn et al., titled "*Quantification of circulating DNA: in the preparation lies the rub*" (referred to as "Hahn");

- The publication by Lee et al., titled "*Quantitation of genomic DNA in plasma and serum samples: higher concentrations of genomic DNA found in serum than in plasma*" (referred to as "Lee"); and

- the StabilCyte system.

3

Natera further contends that the Asserted Claims are invalid as patent ineligible under 35 U.S.C. § 101.

20. Natera further contends that the '277 Patent is unenforceable due to inequitable conduct during prosecution.

21. Natera denies that Ravgen is entitled to any money damages or any other relief that it seeks, including because Ravgen's calculations are inflated, inaccurate, unreliable, and fundamentally unsound. Natera contends that, should the Asserted Claims be determined to be not invalid and infringed, damages (if any) are limited to a fully paid-up lump-sum royalty in an amount commensurate with the real-world evidence of the value of the '277 Patent, including prior agreements covering and prior valuations of the '277 Patent outside the context of Ravgen's present litigation campaign. Moreover, as Natera has explained in prior briefing, Ravgen's expert's opinions related to damages are premised on a fundamental misunderstanding of apportionment law and unsupported assumptions that operate to artificially inflate Ravgen's damages claim. *See* Dkt. 333, Motion to Exclude the Opinions and Testimony of Ravgen's Damages Expert Paul K. Meyer; *see also* Dkt. 416, Reply.

22. Natera further seeks declaratory relief on three grounds: (i) that Natera does not infringe, either directly or indirectly, any claim of the Asserted Patents; (ii) that one or more claims of the Asserted Patents are invalid; and (iii) that the Asserted Patents are unenforceable. Natera also seeks its costs and attorneys' fees in defending this action. Natera also requests that the Court award to Natera any further relief that the Court deems just or proper.