IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAVGEN, INC., <br><br> Plaintiff, <br> v. <br><br> NATERA, INC. and NSTX, INC., <br><br> Defendants. | Civil Action No. 1:20-cv-692-ADA <br><br> JURY TRIAL |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Ravgen, Inc. ("Ravgen") respectfully notifies the Court that the Federal Circuit has affirmed the patentability of all challenged claims in U.S. Patent No. 7,332,277 (the "'277 Patent"), the patent-in-suit, including asserted Claim 132 at issue in the jury and bench trial, and U.S. Patent No. 7,727,720 (the "'720 Patent"). As explained below, these affirmances of IPR final written decisions may bear on the pending findings of fact relating to alleged inequitable conduct.

Ravgen encloses the following judgments in appeals from IPRs involving Laboratory Corporation of America Holdings ("Labcorp") and Streck, Inc. ("Streck"):

- *Lab. Corp. of Am. Holdings v. Ravgen, Inc.*, Nos. 2023-1342, 2023-1345, 2025 WL 32904 (Fed. Cir. Jan. 6, 2025) (affirming two final written decisions that Labcorp had not shown claims 55-63, 66-69, 80-96, and 127-133 of the '277 Patent to be unpatentable) (attached as **Exhibit A**);

- *Streck, Inc. v. Ravgen, Inc.*, No. 2023-1989, 2025 WL 262102 (Fed. Cir. Jan. 22, 2025) (affirming final written decision that Streck had not shown claims 55-61, 68-69, 80-86, 89-92, 94, 126-130, 132, and 133 of the '277 Patent to be unpatentable) (attached as **Exhibit B**);

- *Lab. Corp. of Am. Holdings v. Ravgen, Inc.*, No. 2023-1517, 2025 WL 324749 (Fed. Cir. Jan. 29, 2025) (affirming final written decision that Labcorp had not shown claims 1-9 and 21-30 of the '720 Patent to be unpatentable) (attached as **Exhibit C**).

The Federal Circuit's affirmances show that the '277 Patent and '720 Patent claims are conclusively patentable over the same types of combinations of cell-free DNA references and formaldehyde references that the examiner was considering during original prosecution. *See* Ravgen's Proposed Findings of Fact and Conclusions of Law, Dkt. 522, at FF153-FF161. Because there is no motivation to combine those types of prior-art references to arrive at the claimed inventions, nor reasonable expectation of success in doing so, there is no prima facie case of obviousness. Consequently, secondary considerations—such as unexpected results—could not have been *but-for* reasons for patentability, because the claims are patentable without resort to secondary considerations. *See id.* The Federal Circuit found no legal error and upheld, in all respects, the Patent Trial and Appeal Board ("PTAB")'s factual findings as to lack of motivation to combine. *See, e.g.*, Ex. A at 12; Ex. B at 6-7; Ex. C at 9-10.

Those findings undermine any alleged *but-for* materiality of unexpected results during prosecution as explained in Ravgen's post-trial submissions, and that is fatal to Natera's inequitable conduct theory entirely based on third-party publications that allegedly criticized the unexpected results. Ravgen respectfully submits that the above supplemental authority shows that Natera has not shown inequitable conduct by clear and convincing evidence.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: February 19, 2025 | By: | /s/ *Kerri-Ann Limbeek* |

Deron R. Dacus (State Bar No. 00790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

John M. Desmarais (*pro hac vice*)
Kerri-Ann Limbeek (*pro hac vice*)
Jamie L. Kringstein (*pro hac vice*)
Benjamin N. Luehrs (State Bar No. 440317)
Kyle G. Petrie (*pro hac vice*)
Joze Welsh (*pro hac vice*)
Jun Tong (*pro hac vice*)
Frederick J. Ding (State Bar No. 5651633)
Deborah J. Mariottini (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
jkringstein@desmaraisllp.com
bluehrs@desmaraisllp.com
kpetrie@desmaraisllp.com
jwelsh@desmaraisllp.com
jtong@desmaraisllp.com
fding@desmaraisllp.com
dmariottini@desmaraisllp.com

***Attorneys for Plaintiff Ravgen, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 19, 2025.

/s/ *Kerri-Ann Limbeek*
Kerri-Ann Limbeek